Jones, J.
concurred. I confess that all conditions are not given to the Crown by attainder; as those which are to be performed by a stranger, and not by the feoffor. Such are not given to the Crown by the attainder of the feoffor. Also conditions which are annexed to the person cannot be forfeited to the Crown. Consequently in this case, if the proviso and condition had been, that if William Shelley in his person tender and declare &c. perhaps it would not have been forfeited by attainder. My brother Davenport has made these objections, 1. Shelly, notwithstanding his attainder, may perform the condition, ergo the Queen cannot. 2. His intention cannot be that of another, ergo another may not tender. 3. The proviso is, if Shelley tender, ergo he cannot tender by another, and the tender cannot be forfeited. With regard to the first, I conceive that Shelley *28 cannot tender, because the tender is transferred to the Queen, by the statute; and it would make a difference if the tender was annexed to his person. As, if it had been provided that if Shelley travels to Rome, that then &c. there if he travelled, the condition would be performed, and the Queen could not travel for him, for it is required that he should travel; and it is a personal act. But it is on the payment of a ring or pair of gloves which the Queen may tender for him. But, admitting that *Shelley may tender, yet I conceive that the Queen may also tender. Litt. 336. If a feoffment be made on condition to pay to the feoffor £. 10 on such a day, and the feoffee enfeoffs another, either the first or the second feoffee may tender the money. With regard to the second objection, I answer as my brother Whitlock has argued, that it is no more than the law has said: viz. that he should express his intention. 13 Jac. Gulielm’s case. Rent was reserved on a lease for years, on condition that it should be lawfully demanded with a clause of reentry, the reversion being in the Crown. The expression does not alter the case; for the King may enter without a demand. With regard to the third objection; I say that the ring, gloves or money may be paid by another. Because the main point is that the the thing be tendered, it matters not by whom, to that it be paid, 16 Eliz. Dyer 337. When a rent was forfeited to the King, by 1 E. 6 I conclude that the condition in this case is given to the King, and therefore the lease to Harding is good.
Doderidge, J.
This case has been argued in all the common law courts, and has been adjudged for the plaintiff in the Exchequer and the Common Bench. I have much reverence for these decisions, although they have been slighted by the opposite party : and, I find sufficient matters in the proviso, to lead me to conclude for the plaintiff. I am willing to agree to all that has been said on the other side. I agree that requires that on the tender of the ring, gloves &c. there should be a general declaration of the intention with which they are tendered, for otherwise, as brother Whitlock has said, it would be only a dumb shew. But in this case, there is in the proviso more than a tender, viz. a special declaration is annexed to the person of Gulielo Shelley, for the proviso is that William Shelley shall tender, during his life &c. a ring &c. ipso Gulielmo tunc declarante his intention to alter *29 the use, and then it shall be void. I say that it is apparent that there is a personal declaration annexed to the period of Shelly, which is more than a general declaration. I grant, that the law requires a general declaration, and that is the proviso required no more, inasmuch as it would only speak what the law says, it would not, as it has been said, operate at all. But it goes farther than the law, for there is here of special declaration, as it says ipso Gulielmo declarante and expressing. Englefield's case differs from this. There it is said, if Englefield, or any other tender and declare and not ipso declarante as in the present case. There the declaration was indefinite, and he who tendered might declare. But the present case differs no more from the Duke of Norfolk's, than a tongue does from a pen. There, it is said, if the Duke, who was the feoffor signs and seals: and here if the feoffor speaks his intention to alter the use ; for it is said ipso declarante and expressing his intention. I subscribe to the objection, that if one speaks what the law says, it does not alter the point; and that if the lease be made rendering rent, with a proviso that if the rent be behind, it shall be lawful to distrain; the proviso is idle and vain. But if there was a special clause in the proviso, viz. that, if the rent be behind, it shall be lawful for the Chief Justice to distrain, there as the law does not say so, this is not idle. Likewise in this case, there is a special declaration, ipso Gulielmo declarante, which is more than the law does require. This clause therefore is not idle, and as it is annexed to the person of Shelley, it shall not be forfeited. I own that a personal authority may be transferred to another in some cases, as appears by a most excellent case, 11 El. Dyer. 283. Quia qui facit per alium, per ipsum facere videtur, also by 33 E. 3. Annuity 50. I. S. granted an annuity to a clerk, until he should prefer him to a living. I.S.’s mother preferred the clerk to a living, at the request of I. S. and it was held that the annuity was extinct, quia qui per alium &c. Likewise in 8 Rep. Cook’s case. A copyholder may surrender by attorney in court, because the case speaks of a general custom: but it is said that if it was a special custom to surrender to the lord, out of court, this special custom could not be transferred to another. It is like this case. If the proviso had been general, another might have tendered and declared the intention: but it being special (ipso Gulielmo declarante) another cannot tender. It is annexed to the person and cannot be forfeited. I conceive that these words, ipso declarante in *30 the present tense shall be taken for the future. It is provided that when the said money he shall tender, and shall declare, that then &c. as in 27 H. 8. 26. If I lease land to you on condition, that my wife being a widow and wishing to have it, your estate shall cease: it is as if I had said, that when my wife shall be a widow she shall have it if she will. The second point, which is much relied upon, is, that there is here an election to be made by Gulielm Shelley. My brother Whitlock, has objected to the uncertainty of the thing to be tendered; but I conceive it supports my opinion. It is uncertain whether a ring, gloves, or money will be tendered, and therefore it is in the election of Shelley. It is uncertain whether it shall be tendered to one of the feoffees, or to many, or to which of them, thus it is proper that Shelley should choose. For who may say, whether he will choose to tender the ring, the gloves, or the money. Nothing can be said more properly, to be annexed to one’s person than his election, and it cannot be transferred. Election is thus defined in Dyer. 281. Electio est interna, libera, et spontanea separatio unius rei ab alia, sine compulsione, consistens in animo et voluntate. Every word in this definition annexes it to the person, est interna, consistens in animo. My mind is not the mind of another man. Every man’s mind is his own. What can be more personal? He, who is not privy, cannot make an election for another. The heir cannot make an election, if his father neglects it. Dyer. 281. If a man gives I. S. P. acre and W. acre to I. D. habendum, the one for life, the other in fee. I. S. can make his election, but if he be attainted, the Queen shall not: For the election is here personal and cannot be forfeited. 3 Rep. In the Marquis of Winchester’s case, it is said that a writ of error cannot be forfeited: yet it is not so personal as an election. A feoffee in some cases shall have a writ of error. Dyer. 1. In the above case, if I. S. had made a feoffment of both acres, his feoffee shall not make election, because he is a stranger. But one acre shall be forfeited, land the lessor (or grantor) being privy, shall make his election to enter on which acre he pleases. My brother Whitlock has said, p. 27, the tender is the principal, and the declaration is the accessary. But I think the declaration is the principal, the chief, and special matter of this case, as the tender may be made by any body, but Shelley himself ought to make the declaration. I conclude with the authorities of the Exchequer and the Common Bench: conceiving *31 that much reverence is due to their opinion; a person at the bar has boldly scandalized them, saying that judgment was confessed by the King’s attorney, for a good fee, on behalf of his client. I regard not this scandal: It it well known that the King’s attorney (Hobart) is a learned and honest man. The Judges would not permit an attorney to confess judgment, if they did not think him warranted by law in doing so. In this court, lately, one Bridges doubting his title in a forest, procured the attorney to sue him in a quo warranto, in order to obtain a judgment by confession; and as he only produced an old deed in the time of E. 2. and could not say much for himself, they did not permit the attorney to confess judgment, and Bridges went without the forest. With regard to the judgment in the Common Bench—of the Judges that sat on this case, one alone is alive: it is my brother Hatton. I have talked to him: and he informs me that the judgment was according to law, and the opinion of the court, for it was not passed hastily. I have examined the record and there were twelve continuances before I think, therefore, that there ought to be judgment for the plaintiff.